UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

AMANDA TESSMER,

           Plaintiff,

      v.                                 22-CV-386-LJV
                                         ORDER

PRIME RECOVERY LLC,

           Defendant.

———————————————————————

On May 23, 2022, the plaintiff, Amanda Tessmer, commenced this action, alleging that the defendant, Prime Recovery LLC, attempted to collect a debt from her in violation of the Fair Debt Collection Practices Act (the "FDCPA"). Docket Item 1. Although Prime Recovery LLC was served more than six months ago, *see* Docket Item 3, it has not yet answered the complaint or otherwise appeared, and Tessmer has not requested a default.

After she commenced this action, Tessmer filed two "status report[s]" indicating that she intended to amend her complaint. *See* Docket Items 4 and 5. On February 15, 2023, she moved for an order of civil contempt against Anthony LaGambina, Prime Recovery LLC's president, arguing that he failed to comply with a subpoena. Docket Items 6, 6-1. The next day, Tessmer moved to amend her complaint. Docket Item 7.

For the following reasons, Tessmer's motion for an order of civil contempt is denied, but her motion to amend her complaint is granted.

## BACKGROUND

Prime Recovery LLC is a "debt collection agency based out of Buffalo, New York."  Docket Item 6-1 at 1-2.  Tessmer alleges that Prime Recovery LLC violated the FDCPA when it attempted to collect a debt from her.  Docket Item 1 at ¶ 25.

A few months after Tessmer filed her complaint, her attorney "spoke on the phone" with LaGambina, Prime Recovery LLC's president.  Docket Item 6-1 at 2.  LaGambina "admitted to sending text massages to [Tessmer] but stated that his company had never spoken with [her]."  *Id.*  He explained that "his client is Choice One, a Florida-based debt buyer, who works with another debt collection agency" also called Prime Recovery.  *Id.*  That Prime Recovery is based in Texas.  *Id.*  LaGambina suggested that "the Texas-based Prime Recovery is liable for the conduct alleged in [the c]omplaint" because it is "not compliant with debt collection laws."  *Id.*  But LaGambina did not provide Tessmer's attorney with more information about Choice One or the Texas-based Prime Recovery.  *Id.*

"After a thorough investigation, [Tessmer] was unable to locate legitimate entities behind Choice One and the Texas-based Prime Recovery."  *Id.*  So on December 28 or 29, 2022, she "served a subpoena on LaGambina for information" about those companies.  *Id.*; *see* Docket Item 6-2; Docket Item 6-3.  After LaGambina did not respond to or comply with the subpoena, Docket Item 6-1 at 1, Tessmer moved for an order of civil contempt against him, Docket Item 6, and moved to amend her complaint to add the Texas-based Prime Recovery as a defendant, Docket Item 7; *see* Docket Item 7-1 (proposed first amended complaint).

## DISCUSSION

### I.   MOTION FOR CONTEMPT

Generally, "[a] party may not seek discovery from any source before the parties have conferred as required by [Federal] Rule [of Civil Procedure] 26(f)." Fed. R. Civ. P. 26(d)(1). But there are two exceptions to this rule: a party may seek early discovery "in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)" or "when authorized by [the Federal Rules], by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1).

The parties in this action have not yet "conferred as required by Rule 26(f)"; indeed, the defendant has not yet appeared or answered the complaint. *See* Docket Item 7 at 3.[1] The subpoena served on LaGambina therefore is premature unless Tessmer can show that this case qualifies for early discovery under Rule 26(d)(1). But she cannot.

Because this is not a proceeding exempted from initial disclosure, *see* Fed. R. Civ. P. 26(a)(1)(B), Tessmer may seek early discovery only if "authorized by [the Federal Rules], by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). This Court has not issued an order—nor has Tessmer provided a stipulation—authorizing early

---

[1] Because LaGambina is the defendant's president, Tessmer may be trying to avoid using another discovery device—a deposition or interrogatories, for example—to get early discovery notwithstanding Rule 26(d)(1). But a subpoena is a discovery tool, *see* Fed. R. Civ. P. 45 advisory committee's note to 2006 amendment ("Rule 45 is amended to conform the provisions for subpoenas to changes in *other discovery rules* . . . " (emphasis added)); Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("Subpoenas are essential to obtain discovery from nonparties."), and thus subject to Rule 26(d)(1), *see Rotten Records, Inc. v. Doe*, 108 F. Supp. 3d 132, 133 (W.D.N.Y. 2015) (applying Rule 26 to a plaintiff's request for an order authorizing him to serve a subpoena on a third party before a Rule 26(f) conference).

discovery.  And Tessmer cites no provision of the Federal Rules that authorizes her early discovery request.  *See* Docket Item 6-1.  Instead, she simply says that the subpoena served on LaGambina was "valid."  *Id.* at 3.  But it was not; it was served prematurely in violation of the Federal Rules.

What is more, "[a]lthough Rule 45(g) permits a court to hold a person in contempt for failure to obey a subpoena without adequate excuse, courts in the Second Circuit have often held that a court should first issue an order compelling compliance with the subpoena" before resorting to such a "drastic remedy" as a contempt order.  *See New Falls Corp. v. Soni*, 2017 WL 9732100, at *1 (E.D.N.Y. Oct. 30, 2017) (alteration, citations, and internal quotation marks omitted) (collecting cases).  And Tessmer has not moved for an order compelling LaGambina to comply with the subpoena.

Tessmer's motion for an order of civil contempt therefore is denied without prejudice.  If Tessmer would like to conduct early discovery, she may move for an order permitting her to do that.  *See* Fed. R. Civ. P. 26(d)(1).

## II.   MOTION TO AMEND THE COMPLAINT

A plaintiff may amend her complaint "once as a matter of course" within 21 days after serving it, 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12.  Fed. R. Civ. P. 15(a)(1).  Otherwise, she may amend the complaint "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave [to amend] when justice so requires."  *Id*.

Here, Tessmer seeks to amend her complaint to add the Texas-based Prime Recovery as a defendant.  *See* Docket Item 7-1.  Tessmer did not learn about that

company until after she filed her complaint, *see* Docket Item 6-1 at 2, and the New York-based Prime Recovery LLC has not yet answered the complaint, *see* Docket Item 7 at 2.  So Tessmer has provided good reason for the amendment, and no prejudice would result from it.

Tessmer's motion to amend her complaint therefore is granted.

<u>**CONCLUSION**</u>

For the reasons stated above, Tessmer's motion for an order of civil contempt, Docket Item 6, is DENIED without prejudice; and Tessmer's motion to amend her complaint, Docket Item 7, is GRANTED.  No later than 30 days after any amended complaint is filed, the defendants may answer, move against, or otherwise respond to the amended complaint.


SO ORDERED.

Dated:   March 13, 2023
         Buffalo, New York



 */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

5